# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIAM H. EVANS, Jr.,**

    Plaintiff,

vs.

Civil Action 2:19-cv-1119
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

**JOHN G. ROBERTS, JR.,** *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, William H. Evans, an Ohio inmate who is proceeding without the assistance of counsel, filed this mandamus action in the Ohio Supreme Court against Defendants, the United States President, the United States Supreme Court Justices, and the United States Attorney General (collectively "the Federal Defendants"), as well as the Ohio Attorney General and the Ohio Bureau of Criminal Investigation (collectively "the Ohio Defendants"). The Federal Defendants removed the case to this Court. (ECF No. 1.) It appears that Plaintiff seeks a writ of mandamus compelling Defendants to investigate and prosecute the various violations of law he identifies. This matter is before the undersigned for consideration of both the Federal Defendants' and the Ohio Defendants' Motions to Dismiss (ECF Nos. 2 and 4), Plaintiff's Responses in Opposition (ECF Nos. 5 and 8), and the Federal Defendants' Reply (ECF No. 10). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motions to Dismiss be **GRANTED**.

    **I. STANDARD FOR MOTION TO DISMISS**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S., at 678 (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S., at 678 (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678 (quoting *Twombly*, 550 U.S. at 570). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the Defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. DISCUSSION

In his Complaint, Plaintiff requests that the Court search state and federal court websites, Google, LexisNexis, and Westlaw to identify the many actions he has filed and then issue a writ of mandamus compelling Defendants to "investigate, then prosecute all criminal statute violations presented . . . in his many court cases." (Compl. 2, ECF No. 3 at PAGEID # 51.)

Both the Federal and Ohio Defendants argue that Plaintiff's request for mandamus relief must be dismissed for failure to state a claim. The undersigned agrees.

"'[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (*quoting Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)). Under 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." In *Carson*, the United States Court of Appeals for the Sixth Circuit emphasized that such jurisdiction or entitlement to mandamus relief is available only where the defendants the plaintiff seeks to compel have a clear, nondiscretionary duty to act:

> "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff." *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir.1987). "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied *Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Mandamus is available only if: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (internal quotation marks and citation omitted). Mandamus is not an appropriate remedy if the action that the petitioner seeks to compel is discretionary. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

*Carson*, 633 F.3d at 491.

Applied here, Plaintiff has failed to plausibly plead that Defendants are failing to perform a mandatory legal duty they owe to him. More specifically, none of the Defendants Plaintiff name owe him a nondiscretionary duty to investigate and prosecute the crimes Plaintiff has alleged occurred. *See, e.g., Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."). *Cf. Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private citizen has no authority to institute criminal prosecution). Because Plaintiff is not entitled to the mandamus relief he seeks, dismissal is appropriate. *See, e.g.*, *Jarrett v. Ashcroft*, 24. F. App'x 503, 504 (6th Cir. 2001) ("mandamus cannot be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged civil rights violators," which are discretionary functions); *Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) ("Misiak was not entitled to mandamus relief because the defendants did not owe him a clear nondiscretionary duty."); *Banks v. United States Postal Inspection Serv.*, No. 4:18-cv-596, 2018 WL 4184740, at *6-7 (N.D. Ohio Aug. 31, 2018) (dismissing mandamus action seeking order compelling investigation of criminal matters, explaining that defendants had no clear duty to investigate the alleged wrongs); *Anderson v. Kentucky One Health, Inc.*, No. 3:17-cv-359, 2017 WL 4542227, at *2 (W.D. Ky. Oct. 11, 2017) (dismissing plaintiff's action for writ of mandamus to compel various defendants "to commence criminal investigation" into various alleged wrongs that had befallen him for lack

of jurisdiction, explaining that because the various defendants had discretion over whether to prosecute, jurisdiction under the Mandamus Act does not exist).

## III. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motions to Dismiss (ECF Nos. 2 and 4) be **GRANTED.**

## IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
