# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM H. EVANS, Jr.,** | : | |
| | : | Case No. 2:19-cv-1119 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Vascura |
| **JOHN G. ROBERTS, Jr.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter comes before the Court on the Magistrate Judge's May 24, 2019, Report and Recommendation (ECF No. 13), which recommends that Defendants' Motions to Dismiss (ECF Nos. 2, 4) be **GRANTED**. The Court hereby **ADOPTS** the Report and Recommendation in its entirety based on the independent consideration of the analysis therein and **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 2, 4).

## I.     BACKGROUND

Plaintiff William Evans is incarcerated in the state of Ohio and proceeding without the assistance of counsel. He filed this action in state court seeking a writ of mandamus against the United States President, the United States Supreme Court Justices, and the United States Attorney General (collectively "the Federal Defendants"), and the Ohio Attorney General and the Ohio Bureau of Criminal Investigation (collectively "the Ohio Defendants"). (ECF No. 3). Plaintiff appears to seek a writ of mandamus compelling Defendants to investigate and prosecute various alleged legal violations that he says he has described in many other lawsuits he has filed in state and federal court, including but not limited to murder, theft, fraud, and Racketeer Influenced

1

Corrupt Organization Act (R.I.C.O.) violations. (*Id.* at ¶ 1). The Federal Defendants removed the case to this Court. (ECF No. 1).

The Federal Defendants and the Ohio Defendants filed Motions to Dismiss. (ECF Nos. 2, 4). The Magistrate Judge issued a disposition recommending the motions be granted. (ECF No. 13). Mr. Evans timely filed Objections to the Report and Recommendation on June 3, 2019, (ECF No. 14), as well as a Supplement to his Objections on June 7 (ECF No. 15).

## II. STANDARD OF REVIEW

When objections to a Magistrate Judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Because Defendant has filed objections to the Report and Recommendation, the Court reviews the recommended disposition de novo.

The Federal and Ohio Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] This Court may dismiss a cause of action under 12(b)(6) for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The Court must construe the complaint in the

---

[1] The Federal Defendants also moved to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that the district court only has jurisdiction derivative of the state court's jurisdiction, and therefore it cannot issue a writ of mandamus against a federal officer. (ECF No. 2 at 2-3). Because the Magistrate found Plaintiff did not meet the well-pleaded complaint standard of 12(b)(6) and dismissed the Complaint in its entirety, this Court need not address the question of subject matter jurisdiction under 12(b)(1).

light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). This Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). While the standard for construing pro se complaints is a liberal one, the complaint still must state a claim such that "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. General Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989)). "Even a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Id.* at 977.

### III. LAW AND ANALYSIS

In his Complaint, Mr. Evans asks the Court to issue a writ of mandamus ordering Defendants to investigate and prosecute various alleged legal violations. As Mr. Evans himself points out, he has filed over 24 cases in the Ohio Supreme Court over the years. (ECF No. 4 Ex.

A). He says he has alleged "many serious criminal law violations" by various state and federal actors in these cases (ECF No. 3 at ¶ 1).

The Federal Defendants filed a Motion to Dismiss, arguing first that removal to federal court was proper and consent by the state Defendants is not required under 28 U.S.C. § 1442 as Mr. Evans suggests. They moved to dismiss under Fed. R. Civ. P. 12(b)(6), saying Plaintiff failed to state a claim for relief because federal prosecution is an inherently discretionary, unreviewable agency action. (ECF No. 2 at 4). Likewise, they argue it is well settled that lower courts cannot compel the Supreme Court to take any action. *In re Martin*, 956 F.2d 339, 340 (D.C. Cir. 1992), *cert denied*, 506 U.S. 844 (1992) (lower courts lack jurisdiction to compel the Supreme Court to take any action). Further, Supreme Court justices have absolute immunity. (ECF No. 10 at 5 n.1).

The Ohio Defendants also moved to dismiss under 12(b)(6), arguing that Mr. Evans has failed to plead any facts beyond mere conclusions. (ECF No. 4). They argue the decision to prosecute at the state level is also discretionary. (*Id.* at 3). Plaintiff alleges very general violations of R.I.C.O., 18 U.S.C. § 241 and 242, and the Due Process Clause of the Fourteenth Amendment, but the state Attorney General has no legal duty to prosecute any of the alleged offenses. (*Id.* at 4). Finally, the Ohio Defendants argue that Mr. Evans's request for money damages is not within the court's original jurisdiction and should therefore be dismissed. (*Id.* at 4-5).

The Magistrate Judge found Mr. Evans's complaint should be dismissed in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b)(6). As the Magistrate Judge noted, the Sixth Circuit has held that mandamus is a "drastic" remedy and only available where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011) (quoting *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005)). As the

Defendants and Magistrate Judge explained, the decision to prosecute is a discretionary one. *See, e.g., Heckler v. Chaney*, 470 U.S. 821, 831 (1985). The Magistrate found that Mr. Evans is not entitled to mandamus relief because he has not plausibly pleaded a clear nondiscretionary duty owed to him by Defendants. (ECF No. 13 at 4); *Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) ("Misiak was not entitled to mandamus relief because the defendants did not owe him a clear nondiscretionary duty."); *Banks v. United States Postal Inspection Serv.*, No. 4:18-cv-596, 2018 WL 4184740, at **6-7 (N.D. Ohio Aug. 31, 2018) (dismissing mandamus action because defendants had no clear duty to investigate the alleged wrongs). Having independently reviewed the Magistrate's analysis and Plaintiff's Objections, this Court agrees.

Mr. Evans attempts to raise several objections to the Magistrate's Report and Recommendation. Plaintiff first seems to agree with the Magistrate Judge that federal prosecution is discretionary at the federal level, but alleges state statutes require it. (ECF No. 14 at ¶ 4). He cites O.R.C. § 2935.09 and § 2935.10, which permit private citizens to file affidavits with a judge, magistrate, or prosecutor to determine if a complaint should be filed with a prosecuting attorney. O.R.C. § 2935.09 (D). The Supreme Court of Ohio, in one of Mr. Evans's other lawsuits, held the statute "requires the filing of an affidavit, not a complaint or other pleading." *State ex rel. Evans v. Tieman*, 157 Ohio St.3d 99, 101 (citing *State ex rel. Dew v. Vivo*, 7th Dist. Mahoning No. 12 MA 94, 2012-Ohio-3423, 2012 WL 3064502, ¶ 7)). Likewise in this lawsuit, Evans has failed to allege facts regarding the underlying alleged criminal conduct and has not shown any prosecutors abused their discretion. *Id.* at 102. The cases he cites are also inapposite. *State ex rel Brown v. Nusman*, 152 Ohio St.3d 284, 286 (2017) (holding judge had no duty under O.R.C. § 2935.10 to issue a final appealable order after referring matter in citizen's affidavit to a prosecutor who declined to investigate); *State ex rel. Squire v. Taft*, 69 Ohio St.3d 365, 368-69 (1994) (denying

writ of mandamus to require secretary of state to issue subpoenas regarding alleged election fraud, finding the secretary did not abuse its discretion in declining to investigate because the allegations were nonspecific and unsupported); *State ex rel. Masters v. Cleveland*, 75 Ohio St.3d 23, 29-31 (1996) (denying writ of mandamus to compel city prosecutor to investigate alleged police misconduct, finding no abuse of discretion).

The remaining points in Mr. Evans's Objections are also not relevant to the Magistrate's analysis. Mr. Evans says the Magistrate is required to take judicial notice of the prior cases he filed against government officials, a fact which the Magistrate did not dispute. He attaches an exhibit from a Mahoning County prosecutor, in which the prosecutor advises that O.R.C. § 2935.09 does not mandate prosecution. He cites *Ginest v. Bd. Of County Comm'rs of Carbon County*, which dealt with deliberate indifference to prisoners' medical needs, but has no bearing on his mandamus claims here. 333 F. Supp. 2d 1190, 1198 (D. Wyo. 2004). None of these statements provide a clear legal objection to the Magistrate's analysis and determination to grant the 12(b)(6) Motions to Dismiss. In his supplement, he makes general statements saying the Federal Defendants are subject to Ohio state law, and claims service was proper as to the State of Ohio. (ECF No. 15). It would take guesswork on the part of this Court to fashion a legal objection out of Plaintiff's statements that could be addressed. Upon de novo of the Magistrate's analysis in light of Plaintiff's Objections, this Court finds the Magistrate Judge did not err in dismissing Plaintiff's Complaint for failure to state a claim. Recognizing the pro se pleading standard is a liberal one, this Court cannot "conjure up claims never presented." *Frengler*, 482 F. App'x at 977. Because Plaintiff only alleges mere conclusions regarding vague allegations of legal violations and points to no legal duty owed to him by any Defendants under which he is entitled to a writ of mandamus, the Magistrate Judge correctly dismissed the Complaint.

## IV. CONCLUSION

For the reasons stated above, this Court agrees with the Magistrate Judge and **ADOPTS** the Report and Recommendation in its entirety. Defendants' Motions to Dismiss (ECF Nos. 2, 4) are hereby **GRANTED.** This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                       s/ Algenon L. Marbley
                                    **ALGENON L. MARBLEY**
                                    **UNITED STATES DISTRICT JUDGE**

**DATED: November 12, 2019**